UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Steve Boyd Hamrick**, # 98801-071, | ) C/A No. 4:05-2863-HMH-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| United States of America, | ) |
| Respondent. | ) |

Petitioner is a federal inmate, currently incarcerated at the United States Prison at Big Sandy, in Inez, Kentucky. He apparently filed this case pursuant to 28 U.S.C. § 2241 while he was in transit between his former place of incarceration in North Carolina to the federal prison in Kentucky. He has paid the filing fee. *See* Receipt No. 400002041.

A prisoner's custodian is the proper respondent in a habeas corpus action. *See* Talbot v. State of Indiana, 226 F.3d 866, 870-71 (7th Cir. 2000)(citing Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995). In Vasquez v. Reno, 233 F.3d 688, 690-91 (1st Cir. 2000), the court found that the Attorney General of the United States was not the proper respondent for an alien facing imminent deportation by the INS, and commented:

> Although clearly articulating the baseline requirement of jurisdiction over the custodian, the Braden Court provided limited guidance for determining the identity of the custodian in any given case. Other Supreme Court precedents are equally inscrutable on this point. The courts of appeals have been more forthcoming. They have held with echolalic regularity that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. * * * The warden is the proper custodian because he

1

has day-to-day control over the petitioner and is able to produce the latter before the habeas court.

Petitioner's current custodian and the only proper respondent in this case is in Kentucky.  Because § 2241 petitions are properly brought only in the Federal District in which the petitioner is incarcerated, *see* Talbot, 226 F.3d at 870-71; *see also* Norris v. Georgia, 522 F.2d 1006, 1010-14 & nn. 7-15 (4th Cir. 1975)( "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"), and because Petitioner's custodian is properly subject to service in the Eastern District of Kentucky, this case should be transferred to that court for further processing.

## RECOMMENDATION

Accordingly, it is recommended that the United States District Court of South Carolina transfer this case to the Eastern District of Kentucky.  The parties attention is directed to the important notice on the following page.

Respectfully Submitted,

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

November 30, 2005
Florence, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503
